UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 1:13-CR-00028-01 |
| VERSUS | CHIEF JUDGE DRELL |
| MANUEL RIVAS | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Defendant filed a motion for credit on his sentence pursuant to 18 U.S.C. § 3586 (Doc. 84) that was referred to the undersigned Magistrate Judge (Doc. 85). Defendant's motion should be denied for lack of exhaustion.

### I. Background

Before the Court is a motion for credit on his sentence filed by Defendant Manuel Rivas ("Rivas") pursuant to 18 U.S.C. § 3586. Rivas was charged by indictment with three counts of failing to depart pursuant to his removal order (Doc. 1), arrested on January 25, 2013 (Doc. 2), convicted by a jury on two counts (Doc. 43) and sentenced to 72 months imprisonment, to run consecutively to any sentence he was currently serving, with credit for time served in federal custody (Doc. 47).

Rivas contends that, before he was indicted for failing to depart, he served a sentence with the Arkansas Department of Corrections, which he completed on July 11, 2011 (Doc. 84). Afterward, he was taken into custody by Immigration and Customs Enforcement ("ICE") and held, pending removal, until he was transferred to federal custody on January 25, 2013, pursuant the charges of failing to depart.

## II. Law and Analysis

Rivas asks for credit on his federal sentence for the time spent in ICE custody from July 12, 2011 to January 25, 2013. 18 U.S.C. § 3585(b) states:

> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

A federal sentencing court is not authorized to apply Section 3585(b). Instead, it is the Attorney General, through the Bureau of Prisons, who computes the amount of Section 3585(b) credit after the defendant has begun to serve his sentence. U.S. v. Wilson, 503 U.S. 329 (1992). The Bureau of Prisons has detailed procedures and guidelines for determining the amount of credit available to prisoners. Federal regulations also afford prisoners administrative review of the computation of their credits and prisoners may seek judicial review of the computations after exhaustion their administrative remedies. Wilson, 503 U.S. at 333; U.S. v. Dowling, 962 F.2d 390, 392 (5th Cir. 1992). Once a prisoner has exhausted his administrative remedies through the BOP, he may then file a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence. U.S. v. Setser, 607 F.3d 128, 133 n.3 (5th Cir. 2010).

Since Rivas has not shown that he exhausted his administrative remedies through the Bureau of Prisons, his motion is not properly before this Court.[1]

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Rivas's motion for sentence credit (Doc. 84) be DENIED AND DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. Section 636(b) (1) (C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

---

[1] The time he spent in ICE custody from July 12, 2011 to January 25, 2013 was not time spent as a result of a charged offense, as required by § 3585(b). Instead, Rivas was detained in *civil* custody with ICE pending his removal proceedings and actual removal from the United States. See Maldonado v. Macias, 150 F. Supp. 3d 788, 800-03 (W.D. Tex. 2015) (discussing Zadvydas v. Davis, 533 U.S. 678 (2001). "Official detention" does not include time spent in the civil custody of ICE pending removal proceedings and removal. Valerio-Rodriguez v. Ask-Carlson, 2014 WL 31015 (W.D. La. 2014). Therefore, Rivas is not entitled to credit on his federal sentence for time spent in civil custody with ICE.

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. § 2253(c) (2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  28th day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge